LEAR, Judge.
Mrs. Dorothy Jefferson, claimant, was an employee of South Central Bell Telephone *658 Company (employer) and on September 12, 1977, she applied for six months maternity leave to begin October 15, 1977. The leave was granted and thereafter she applied for unemployment benefits which were likewise granted. The case came before the Louisiana Board of Review for the Office of Employment Security upon an appeal by the claimant from a decision of the appeals referee reversing the administration agency’s ruling that claimant’s leaving of employment was with good cause connected with her employment.
After reviewing the evidence, the board reversed the appeals referee and ordered that the decision of the agency be reinstated. Plaintiff appealed to the district court asking for judicial review.
An additional hearing was necessary due to an accidental erasure of part of the record and after same was held by the appeals referee the court rendered judgment affirming the decision of the Board of Review. We agree.
The evidence shows that claimant was having problems with her pregnancy and was advised by her physician that she could perform light work, but should not drive the long distance (60 miles) to and from work. At the original hearing she submitted a statement to that effect signed by her doctor. Claimant’s supervisor testified that she could have been transferred to another office near her home, but this was not discussed. The witness further testified that claimant told her she wanted to take leave because her wages were being garnisheed. The Board of Review as well as the court was of the opinion that claimant’s disability resulted from health problems caused by travel to and from her job and was, therefore, work related.
The record does not disclose why plaintiff did not offer claimant a job near her home when notified of the application for unemployment benefits shortly after claimant took the leave of absence.
We find no error in the judgment of the trial court and, therefore, affirm said judgment, appellant to pay all costs.
AFFIRMED.